FILED
United States Court of Appeals
Tenth Circuit

January 25, 2011

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALAN BLAKELY and COLELYN
BLAKELY,

        Plaintiffs - Appellants,

v.

USAA CASUALTY INSURANCE
COMPANY,

        Defendant - Appellee.

No. 09-4165

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D. Ct. No. 2:06-CV-00506-BSJ)**

---

Karra J. Porter (L. Rich Humpherys, with her on the briefs), Christensen &
Jensen, P.C., Salt Lake City, Utah, appearing for Appellants.

S. Baird Morgan (Zachary E. Peterson, with him on the brief), Richards, Brandt,
Miller & Nelson, Salt Lake City, Utah, appearing for Appellee.

---

Before **TACHA**, **SEYMOUR**, and **LUCERO**, Circuit Judges.

---

**TACHA**, Circuit Judge.

Plaintiffs-appellants Alan and Colelyn Blakely appeal the district court's

entry of judgment in favor of defendant-appellee USAA Casualty Insurance

Company ("USAA") on the Blakelys' claims for breach of contract, breach of the implied covenant of good fath and fair dealing, and intentional infliction of emotional distress. We have jurisdiction pursuant to 28 U.S.C. § 1291. We AFFIRM in part and REVERSE in part.

## I. BACKGROUND

In August 2002, a fire damaged the Blakelys' home in Bountiful, Utah. The fire was caused by Stone Touch, a contractor who the Blakelys had hired to refinish the floors in their basement. The fire caused significant damage to the Blakelys' home and personal belongings, and they were temporarily forced to find alternate housing.

At the time of the fire, the Blakelys were insured under a homeowners' insurance policy issued by USAA. The policy insured against losses sustained to the dwelling itself and to the Blakelys' personal property, as well as against expenses incurred to obtain temporary living arrangements. To file a claim under the policy, the contract required the Blakelys to prepare an inventory of their loss amount and submit it to USAA. The policy also contained the following "appraisal clause" related to the determination of the loss amount:

> **Appraisal.** If you and we do not agree on the amount of loss, either party can demand that the amount of the loss be determined by appraisal. If either makes a written demand for appraisal, each will select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand.
>
> The two appraisers will then select a competent, impartial umpire. If

the two appraisers are not able to agree upon the umpire within 15 days, you and we can ask a judge of a court of record in the state where the residence premises is located to select an umpire.

The appraisers will then set the amount of loss. If they submit a written report of any agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree within a reasonable time, they will submit their differences to the umpire. Written agreement signed by any two of these three will set the amount of the loss. Each appraiser will be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire will be equally paid by you and us.

Aplt. App. at 652.

The contract also set forth the schedule for paying out claims:

**Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. *Loss will be payable 60 days after we receive your proof of loss and:*
a.      *reach an agreement with you;*
b.      there is an entry of a final judgment; or
c.      *there is a filing of an appraisal award with us.*

*Id.* (emphasis added).

The Blakelys timely reported the fire to USAA. USAA then sent an adjuster to meet with the Blakelys and inspect the damage, and USAA's preferred contractor repaired the damage to their home. Ultimately, USAA paid out $93,332.20 under the policy allocated as follows: dwelling/structural: $47,789.94; personal property: $37,832.70; temporary housing: $7,709.56.

Throughout the process, however, the Blakelys were dissatisfied with the work to their home and the extent their personal property was cleaned and/or

-3-

replaced. Because USAA refused to authorize the additional expenses sought by the Blakelys, they did the work (and paid for it) themselves.

In 2005, approximately two and a half years after the fire, the Blakelys invoked the appraisal demand clause and notified USAA of their appraiser. USAA timely responded and named its appraiser. An umpire was selected, and on October 18, 2005, a final appraisal award was issued. The award totaled nearly $300,000. After a credit for the $93,332.20 USAA had already paid under the policy, the appraisal stated that the difference USAA owed the Blakelys was $197,524.32. On December 5, 2005, USAA paid the Blakelys $197,524.32. The Blakelys admit that with the payment of the appraisal award, no further amounts are either claimed or owing under the policy.

In March 2006, the Blakelys filed the instant lawsuit against USAA asserting four claims: breach of contract, breach of the implied covenant of good faith and fair dealing, breach of industry standards and statutes, and intentional infliction of emotional distress. In relevant part, the Blakelys allege that USAA failed to make adequate and timely repairs, reimbursements, and investigations under the policy, and that they suffered both financial and emotional damages as a result.

After the close of discovery, USAA sought summary judgment on all claims except for breach of the implied covenant of good faith and fair dealing. The district court dismissed the Blakelys' claim for breach of industry standards

-4-

and statutes during a pretrial conference on March 31, 2008, and that ruling is not at issue in this appeal. At another pretrial conference held on June 5, 2008, the district court granted USAA's summary judgment motion as to the Blakelys' claim for intentional infliction of emotional distress. During its final pretrial conference, the district court granted the motion as to the Blakelys' breach of contract claim, and it also granted USAA's oral motion to dismiss the claim for breach of the covenant of good faith and fair dealing as frivolous under Fed. R. Civ. P. 16(c)(2)(A). USAA then prepared a written Order of Dismissal disposing of those final two claims. This appeal followed. We begin by addressing the claims for breach of contract and breach of the implied covenant of good faith and fair dealing. We then turn to the claim for intentional infliction of emotional distress.

## II. DISCUSSION

A.    Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing

In Utah, a plaintiff may sue on a contract for: (1) breach of the contract's express terms; and/or (2) breach of the covenant of good faith and fair dealing, which is an implied duty that inheres in every contractual relationship. *See generally Machan v. UNUM Life Ins. Co. of Am.*, 116 P.3d 342 (Utah 2005); *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 798, 801 (Utah 1985). While the former claim is confined to the obligations imposed by the contract itself, the latter is not

so constrained. *See Campbell v. State Farm Mut. Auto. Ins. Co.*, 840 P.2d 130, 140 (Utah 1992) ("It is true that the insurer's principal duty, under the express terms of the insurance contract, is to pay the liability that the insured incurs, up to a specified dollar limit. The implied duty of good faith and fair dealing goes beyond the bare contract, however, and gives meaning and substance to the insurer's obligations."). Instead, "the implied obligation of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim." *Beck*, 701 P.2d at 801.

Given the reach of the implied covenant of good faith and fair dealing, damages for its breach are broad and may extend beyond any amount owed under the policy's express terms. *Id.* at 801–02. Utah courts often refer to these damages as "consequential damages." *See Billings v. Union Bankers Ins. Co.*, 918 P.2d 461, 466 (Utah 1996); *Machan*, 116 P.3d at 345–46. It is somewhat unclear, however, the extent to which consequential damages are permitted for a claim alleging breach of express contract. *See, e.g.*, *Billings*, 918 P.2d at 466, 468 (holding that an "expanded consequential damage measure should be available only for breach of the implied covenant, not . . . for breach of the express terms of the contract" but that "[a]ttorney fees may be recoverable as consequential damages flowing from an insurer's breach of either the express or

-6-

the implied terms of an insurance contract"); *Saleh v. Farmers Ins. Exch.*, 133 P.3d 428, 435 n.4 (Utah 2006) (discussing attorney fees as part of a claim for express breach of contract and stating that "this court has historically limited the availability of consequential damages to breaches of the covenant of good faith and fair dealing. The admittedly unclear language suggesting the contrary in *Billings* does not change that policy."); *Machan*, 116 P.3d at 344 ("Consequential damages are available for the breach of either the express or the implied terms of an insurance contract, but . . . the consequential damages available for breach of an insurance contract's express terms may be more limited in scope, based on the language of the contract and the extent to which any damages were caused by the breach.").

The district court in this case properly granted summary judgment to USAA on the Blakelys' claim for breach of express contract because USAA fully complied with the terms of the policy. Although the Blakelys point to USAA's refusal to pay the amount of loss they claimed prior to their invocation of the appraisal demand clause, nothing in the policy required USAA to do so. Instead, the policy provided for a mechanism—the appraisal process—to determine the amount of loss when USAA and the insured could not reach an agreement. USAA complied with that provision and timely paid the Blakelys in accordance with the clause. Indeed, the Blakelys admit that with the payment of the appraisal award, no further amounts are either claimed or owing under the terms of the policy, and

the Blakelys do not identify any provision in the insurance policy they contend

USAA violated.[1]  Because USAA complied with all of the express terms of the

policy held by the Blakelys, including the appraisal demand clause, USAA is

entitled to summary judgment on the Blakelys' claim for breach of express

contract.[2]

---

[1] The Blakelys argue that they would not have had to invoke the appraisal demand clause had USAA acted reasonably in assessing and paying their claim. This allegation, however, is not founded in the terms of the policy; rather, it is relevant only to the Blakelys' second cause of action for breach of the implied covenant of good faith and fair dealing.  *See Beck*, 701 P.2d at 801 (the implied covenant of good faith and fair dealing requires an insurance company to "act promptly and reasonably in rejecting or settling [a] claim").

[2] Using the terms "extra-contractual claims," "extra-contractual damages," and "extra-contractual relief," the Blakelys appear to incorrectly conflate two separate issues: a cause of action for breach of the implied covenant of good faith and fair dealing, and a request for consequential damages as part of their cause of action for breach of express contract.  In this way, the Blakelys argue that the district court improperly "dismiss[ed their] claims for extra-contractual relief because the parties had gone through an appraisal process under the policy, and USAA had paid the appraisal award."  Certainly, USAA's compliance with the appraisal demand clause and the other express provisions of the policy does not, as a matter of law, preclude a cause of action for breach of the implied covenant of good faith and fair dealing and for consequential damages resulting from any such breach.  *See Miller v. USAA Cas. Ins. Co.*, 44 P.3d 663, 668, 677 (Utah 2002) (holding that claims other than for breach of the express terms of the insurance policy, i.e., for bad faith and consequential damages, cannot be resolved under an appraisal clause similar to the one at issue in this case).  But compliance with the appraisal demand clause and the other express provisions of the policy *does* preclude a cause of action for breach of express contract.  And without a cause of action, of course, there is no entitlement to damages—consequential or otherwise.  Accordingly, the district court properly granted summary judgment to USAA on the Blakelys' claim for breach of express contract and any request for damages they sought under that claim based on its correct conclusion that USAA had complied fully with the express terms of the

(continued...)

Unlike the cause of action for breach of express contract, the Blakelys'

claim for breach of the implied covenant of good faith and fair dealing was not

part of USAA's motion for summary judgment. Instead, at the same pretrial

conference during which the parties argued the summary judgment motion as to

the breach of contract claim, counsel for USAA suggested that the district court

dismiss the cause of action for breach of the implied covenant of good faith and

fair dealing as frivolous under Fed. R. Civ. P. 16. *See* Fed. R. Civ. P. 16(c)(2)(A)

("At any pretrial conference, the court may consider and take appropriate action

on the following matters: (A) formulating and simplifying the issues, and

*eliminating frivolous claims or defenses*." (emphasis added)). USAA contended

that the evidence demonstrated that its view of the loss was fairly debatable and

thus the Blakelys could not succeed on their claim. *See Saleh*, 133 P.3d at 435

("If a claim brought by an insured against an insurer is fairly debatable, failure to

comply with the insured's demands cannot form the basis of bad faith."). At the

end of the conference, the district court agreed with USAA's position and

dismissed the claim.[3] We review a dismissal under Rule 16 based on frivolity for

---

[2](...continued)
policy.

[3] On appeal, USAA appears to argue that the district court dismissed this claim on summary judgment under Rule 56. USAA's motion for summary judgment, however, explicitly disclaimed dismissal of the claim for breach of the implied covenant of good faith and fair dealing on summary judgment, and counsel for USAA unequivocally asked for dismissal under Rule 16 at the pretrial
(continued...)

abuse of discretion.  *Cf. Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003) (reviewing frivolity dismissals under 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion).

The Blakelys' claim for breach of the implied covenant of good faith and fair dealing is not frivolous.  "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (describing frivolous claims as "fanciful," "fantastic," and "delusional," and holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").  In this case, the Blakelys alleged and put forth the following evidence suggesting that USAA acted unreasonably in taking its initial position regarding the loss amount: the appraisal award was nearly three times, or $200,000 more, than USAA's initial payout of $93,322.20; USAA's

---

[3](...continued)
conference.  Moreover, the written Order of Dismissal prepared after the pretrial conference (which also memorialized the court's entry of summary judgment on the breach of express contract claim) states that it is pursuant to "Fed. R. Civ. P. 16(c), 56."   Finally, although a district court may grant summary judgment sua sponte, it must give the losing party an adequate opportunity to oppose summary judgment. *N. Tex. Prod. Credit Ass'n v. McCurtain Cnty. Nat'l Bank*, 222 F.3d 800, 816 (10th Cir. 2000) ("The entry of summary judgment is warranted only when . . . the losing party has had an adequate opportunity to address the issues involved . . . .").  There is no indication here that the Blakelys were aware that the court was considering entering judgment against them on this claim and that they needed to corral all of their evidence at this pretrial conference.

adjuster refused to communicate with the Blakelys; USAA's adjuster claimed that he could not smell smoke when the smell proved noticeable in the house three years later; USAA delegated adjustment of the contents claim to a non-adjuster; and USAA refused to pay for any repairs other than structural ones. Although we express no opinion on the ultimate merits of the Blakelys' claim for breach of the implied covenant of good faith and fair dealing, or whether the evidence is sufficient to withstand any other type of dispositive motion, it is abundantly clear that this claim is not wholly incredible. Indeed, until the pretrial conference during which USAA first raised its Rule 16 argument, USAA had taken the position that "there may be fact issues sufficient [for the bad faith claim] to go to a jury." *See* Aplt. App. at 1338. Accordingly, we conclude that the district court abused its discretion in dismissing the claim as frivolous under Rule 16.

B.     Intentional Infliction of Emotional Distress

The district court also granted summary judgment on the Blakelys' tort claim for intentional infliction of emotional distress. The Blakelys contend that based on the nature of the insurer-insured relationship and the conduct and damages alleged and supported by their evidence, the claim should have been submitted to a jury. USAA argues that the district court correctly ruled in its favor because, as a matter of law, (1) the emotional distress the Blakelys allege they have suffered is insufficient, and (2) the alleged conduct was not "outrageous."

-11-

In order to demonstrate the intentional infliction of emotional distress, a plaintiff must show: (1) intentional or reckless conduct (2) which is "of such a nature as to be considered outrageous and intolerable in that [it] offend[s] against the generally accepted standards of decency and morality." *Oman v. Davis Sch. Dist.*, 194 P.3d 956, 969 (Utah 2008) (quotations omitted). "If the trial court determines that a defendant's conduct was not outrageous as a matter of law, then the plaintiff's claim fails, and a court may properly grant the defendant summary judgment on an intentional infliction of emotional distress claim." *Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524 (Utah 2002) (internal citations omitted).

Here, the district court granted summary judgment on the claim for intentional infliction of emotional distress without an order specifically identifying its rationale. It appears from the transcript of the pertinent pre-trial hearing, however, that the district court was focused on whether USAA's alleged conduct could reasonably be called "outrageous." "To be considered outrageous, the conduct must evoke outrage or revulsion; it must be more than unreasonable, unkind, or unfair." *Oman*, 194 P.3d at 969 (quotations omitted). The allegations and evidence in this case do not rise to this level. Although USAA's conduct—if it was as the Blakelys allege—may have been unreasonable,[4] unkind, and unfair; it was not conduct which evokes outrage or revulsion. *See id.*; *see also*

---

[4] In so stating, we emphasize that we do not take any position on the Blakelys' claim for breach of the implied covenant of good faith and fair dealing, other than to hold, as explained above, that it is not frivolous.

*Retherford v. AT&T Comms. of the Mountain States, Inc.*, 844 P.2d 949, 977 n.19 (Utah 1992) (describing outrageous conduct as "extraordinarily vile conduct, conduct that is atrocious, and utterly intolerable in a civilized community") (quotations omitted). Accordingly, we affirm the district court's grant of summary judgment in favor of USAA on the Blakelys' intentional infliction of emotional distress claim.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to USAA on the Blakelys' causes of action for breach of express contract and for intentional infliction of emotional distress. We REVERSE, however, the district court's dismissal of their claim for breach of the implied covenant of good faith and fair dealing as frivolous under Rule 16.