**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 13, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

D.A. OSGUTHORPE FAMILY
PARTNERSHIP, a Utah limited
partnership,

      Plaintiff-Appellant,

v.

ASC UTAH, INC., a Maine corporation,

      Defendant-Appellee,

and

WOLF MOUNTAIN RESORTS, L.C.,
a Utah limited liability company;
THIRD JUDICIAL DISTRICT COURT,
an agency of the Judicial Branch of
government of the State of Utah;
ROBERT K. HILDER, in his capacity
as a Judge of the Third Judicial District
Court in and for the State of Utah,

      Defendants.

No. 13-4158
(D.C. No. 2:11-CV-00147-DS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **McHUGH**, **EBEL**, and **O'BRIEN**, Circuit Judges.

D.A. Osguthorpe Family Partnership (Osguthorpe) appeals the district court's

award of attorney's fees to ASC Utah, Inc. (ASCU) under 42 U.S.C. § 1988. The

district court determined that Osguthorpe's complaint was frivolous and vexatious.

We affirm the award based on the district court's finding that the complaint was

frivolous, but we vacate the amount of the award and remand for additional findings.

## I.     BACKGROUND

The award of attorney's fees to ASCU was based on a complaint Osguthorpe

filed in federal court seeking to delay or prevent an imminent trial in a Utah state

court on Osguthorpe's disputes with various entities. Osguthorpe and ASCU entered

into contracts with each other and with others for the purpose of developing a resort

in Summit County, Utah. The contractual relationships are set out in the opinion

resolving a prior appeal in this case. *D.A. Osguthorpe Family P'ship v. ASC Utah,*

*Inc.*, 705 F.3d 1223, 1226-27 (10th Cir.), *cert. denied*, 133 S. Ct. 2831 (2013)

(*Osguthorpe I*). Also described in *Osguthorpe I* is the lengthy litigation history in the

Utah state courts. *Id.* at 1227-28.

Briefly, in June 2006, ASCU filed suit against defendant Wolf Mountain in

Utah state court alleging breach of contract; Wolf Mountain countersued.

Osguthorpe sued ASCU in Utah state court and the cases were consolidated. In 2009,

Wolf Mountain filed a motion to compel arbitration based on a contract containing an

arbitration provision, which the state trial court denied. Wolf Mountain appealed. "[T]he Utah Supreme Court upheld the state trial court's decision, holding that Wolf Mountain had waived its right to arbitrate by actively and substantially participating in the litigation for years before ever asserting a contractual right of arbitration." *Id.* at 1228 (citing *ASC Utah, Inc. v. Wolf Mountain Resorts, L.C.*, 2010 UT 65, ¶¶ 30, 40, 245 P.3d 184, 194, 197).

Before the Utah Supreme Court resolved Wolf Mountain's appeal, Osguthorpe filed in the state court a motion to compel arbitration between ASCU and Wolf Mountain, and to stay the state-court proceedings. Shortly after the Utah Supreme Court issued its mandate in the Wolf Mountain appeal, the state trial judge, the Honorable Robert K. Hilder, a defendant in this case, denied Osguthorpe's motion to compel arbitration, and set the case for trial in state court on March 8, 2011. Osguthorpe promptly appealed that ruling to the Utah Supreme Court and requested an emergency stay of the trial. The Utah Supreme Court summarily denied the emergency stay motion on January 20, 2011. At the time Osguthorpe filed the underlying federal action, the Utah Supreme Court had not decided the merits appeal.[1]

---

[1]     The Utah Supreme Court eventually held "that the [state] court was correct in denying Osguthorpe's motion to compel arbitration, and that the district court did not violate Osguthorpe's due process rights." *Osguthorpe v. Wolf Mountain Resorts, L.C.*, 2013 UT 12, ¶ 20, 322 P.3d 620, 624, *cert. denied*, 134 S. Ct. 117 (2013).

Osguthorpe filed the underlying federal suit on February 8, 2011, claiming that ASCU, Wolf Mountain, the Utah state court, and Judge Hilder had conspired and acted in concert to violate its due process rights and its rights under the Federal Arbitration Act by proceeding to trial in the state-court action. The district court dismissed the case for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine,[2] the *Younger* doctrine,[3] and "general principles of abstention." *Osguthorpe I*, 705 F.3d at 1230 (internal quotation marks omitted). The district court also ordered Osguthorpe to pay ASCU's attorney's fees in the amount of $42,923.

On appeal, this court held that "the *Colorado River* doctrine control[led] the disposition of this case and mandate[d] the dismissal of Osguthorpe's suit." *Id.* at 1231.[4] The *Colorado River* doctrine applies in the extraordinary case to avoid duplicative litigation in state and federal courts. *Id.* at 1233. After reviewing the lengthy history of this case in the Utah state courts and the high consumption of court

---

[2] The *Rooker-Feldman* doctrine "bars federal courts from reviewing the judgments and decisions of state courts once they have become final." *Osguthorpe I*, 705 F.3d at 1230 n.7.

[3] "*Younger* instructs that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Osguthorpe I*, 705 F.3d at 1230 n.8 (internal quotation marks omitted).

[4] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 800-21 (1976).

resources, the court held "that this case should live out the rest of its days in the place where it began: the Utah state courts." *Id.* at 1236.

The *Osguthorpe I* panel then determined that although the district court had jurisdiction to award attorney's fees in ASCU's favor under § 1988, the "lack of specific factual findings by the federal district court in support of its decision to award those fees" required a remand. *Id.* at 1236-37. Accordingly, the court remanded the attorney-fee issue to the district court and "instructed it to make specific and detailed findings of fact to support its award." *Id.* at 1237.

On remand, the district court received simultaneous briefing on the issue of attorney's fees under § 1988, found that Osguthorpe's complaint was frivolous and vexatious, and again awarded fees to ASCU in the amount of $42,923. In doing so, the court adopted a proposed order ASCU submitted with its brief. Osguthorpe then filed a motion under Fed. R. Civ. P. 59(e) seeking reconsideration of the adverse order, which the district court denied.

Osguthorpe appeals, claiming the district court erred by (1) relying on the same facts in awarding attorney's fees on remand as for the first attorney-fee order, (2) adopting the proposed order submitted by ASCU, (3) failing to recognize that Osguthorpe's complaint stated valid claims and therefore was not frivolous, (4) failing to provide an adequate basis for the number of hours expended by ASCU's attorneys and the reasonableness of the rate, and (5) failing to separate and exclude attorney's fees incurred on matters unrelated to the § 1983 claim.

## II.    DISCUSSION

On remand, the district court was required to "comply strictly with the mandate rendered by the reviewing court." *Zinna v. Congrove*, No. 13-1143, 2014 WL 2523759, at *3 (10th Cir. June 5, 2014) (internal quotation marks omitted). "We review a district court's award of attorney's fees for an abuse of discretion, but we review *de novo* the district court's application of the legal principles underlying that decision." *Osguthorpe I*, 705 F.3d at 1236 (internal quotation marks omitted).

In an action brought to vindicate a party's civil rights under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b); *accord Fox v. Vice*, 131 S. Ct. 2205, 2211 (2011). "[A] district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *see Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995) (applying *Christiansburg Garment* standard to § 1988(b) attorney's fee claim). "A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983). "A complaint is frivolous where it lacks an arguable basis either in law or in fact." *Blakely v. USAA Cas. Ins. Co.*, 633 F.3d 944, 949-50 (10th Cir. 2011) (alterations and internal quotation marks omitted).

- 6 -

**A. Bases for Award; Adoption of Proposed Order**

We quickly dispose of Osguthorpe's first two appellate arguments. Contrary to Osguthorpe's claim, the district court was not required to base its attorney-fee ruling on new or different evidence. Rather, the court was required to make specific factual findings to permit meaningful appellate review. *See Osguthorpe I*, 705 F.3d at 1236-37. And the district court's adoption of the proposed order ASCU submitted with its brief "does not change the standard of review . . . . Though not made by the district judge himself, the findings are formally his; they are not to be rejected out-of-hand, and they will stand if supported by evidence." *Flying J Inc. v. Comdata Network, Inc.*, 405 F.3d 821, 830 (10th Cir. 2005) (internal quotation marks omitted); *cf. Anderson v. City of Bessemer City*, 470 U.S. 564, 572 (1985) (criticizing trial court's "verbatim adoption of findings of fact prepared by prevailing parties . . . [due to] the potential for overreaching and exaggeration on the part of attorneys preparing findings of fact when they have already been informed that the judge has decided in their favor"). As discussed below, we conclude that the district court's findings that the complaint was frivolous are supported by the record and the relevant law.

**B. Whether Osguthorpe's Complaint Was Frivolous**[5]

We turn to the district court's determination that Osguthorpe's complaint was frivolous, which we review de novo. *See Osguthorpe I*, 705 F.3d at 1236.

---

[5] As indicated above, because we conclude that the complaint was frivolous, we do not address the district court's finding that it was also vexatious.

- 7 -

Osguthorpe claimed that the defendants conspired and acted in concert to deprive it of its due-process rights by proceeding with the state-court trial instead of requiring ASCU and Wolf Mountain to arbitrate their disputes. The basis for federal jurisdiction was 42 U.S.C. § 1983.[6] Section 1983 provides a cause of action against a person acting under color of state law who deprives a plaintiff of "any rights, privileges, or immunities secured by the Constitution" or federal law. 42 U.S.C. § 1983.

Osguthorpe relies exclusively on *Olde Discount Corp. v. Tupman*, 1 F.3d 202 (3rd Cir. 1993), as authorizing a § 1983 claim based on a court's refusal to require arbitration. Osguthorpe cites *Olde Discount* as holding "that defendants Tupman and Hubbard have acted under color of state law to deprive the plaintiff of its rights under the Federal Arbitration Act and under the Due Process Clause in violation of 42 U.S.C. § 1983." Aplt. Opening Br. at 32 (brackets and internal quotation marks omitted). But the Third Circuit Court of Appeals did not so hold. Indeed, the language on which Osguthorpe relies does not appear in the appellate decision. Instead, the language appears in the district court's decision, where it describes only

---

[6] Osguthorpe also invoked 28 U.S.C. §§ 1331 (federal question jurisdiction), 1343 (federal civil-rights jurisdiction), and 1367 (supplemental jurisdiction). Those bases rely on the § 1983 claim. In addition, Osguthorpe cited 28 U.S.C. §§ 2201 & 2202, which authorize federal courts to grant declaratory judgments. "However, the Declaratory Judgment Act does not confer jurisdiction upon federal courts, so the power to issue declaratory judgments must lie in some independent basis of jurisdiction." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202-04 (10th Cir. 2012) (internal quotation marks omitted). Thus, this ground also relies on the § 1983 claim.

a *claim* made by the plaintiff. *Olde Discount Corp. v. Tupman*, 805 F. Supp. 1130, 1135 (D. Del. 1992). Neither the federal district court nor the Third Circuit addressed this claim. Therefore, *Olde Discount* does not support Osguthorpe's position.

To state a claim under the Due Process Clause, a plaintiff must show, among other things, "the deprivation of an interest in life, liberty, or property." *Elliott v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012) (internal quotation marks omitted). Osguthorpe contends that a right to arbitrate is "a substantial right," Aplt. Opening Br. at 36, apparently equating it with a property right cognizable under § 1983 which could support a due-process claim. Osguthorpe has provided no authority holding that a right to arbitrate is a property interest protected by the Due Process Clause. Accordingly, we agree with the district court that Osguthorpe failed to identify a protected property interest.[7]

Osguthorpe challenges the district court's determination that the complaint failed to describe any conspiracy by the defendants. Osguthorpe asserts that the following allegations in the complaint described a conspiracy:

> 59. [ASCU] and Wolf Mountain *have acted in concert* with Judge Hilder and the [state] Court or *have otherwise conspired* with them or *the actions of the Court and Judge Hilder have otherwise been essential* to [ASCU] and Wolf Mountain to move forward to litigate . . . and they

---

[7] To the extent Osguthorpe argues that its federal complaint was necessary to enforce the Federal Arbitration Act, as explained in *Osguthorpe I*, "state courts rather than federal courts are most frequently called upon to apply the Federal Arbitration Act." 705 F.3d at 1235 (brackets and internal quotation marks omitted).

*have acted and continue to act in concert* with Judge Hilder and the Court in the violation of [Osguthorpe's] civil rights. Without the *assistance* of Judge Hilder and the Court, [ASCU] and Wolf Mountain would not be able to commit the civil rights violations they have committed and continue to commit.

. . .

64.     By proceeding forward to determine and to try all issues for which arbitration is mandatory . . . Judge Hilder and the Court, *in concert and conspiracy* with [ASCU] and Wolf Mountain, have deprived and continue to deprive [Osguthorpe] of rights guaranteed to it under the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983.

Aplt. Opening Br. at 38 (emphasis added).

These allegations fail to allege facts describing a conspiracy among the defendants. "[A] plaintiff must allege specific facts showing an agreement and concerted action among[] the defendants because conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Brooks v. Gaenzle*, 614 F.3d 1213, 1228 (10th Cir. 2010) (brackets and internal quotation marks omitted). An allegation that a defendant's conduct was taken in furtherance of a conspiracy "needs some setting suggesting the agreement necessary to make out a [conspiracy] claim." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Osguthorpe has offered no facts to support its charge that Judge Hilder agreed with ASCU and Wolf Mountain to proceed with the state-court trial, let alone that any of the defendants sought to deprive Osguthorpe of its civil rights. Rather, the facts indicate that upon receiving the decision of the Utah Supreme Court holding that

- 10 -

Wolf Mountain had waived its right to arbitrate, Judge Hilder discharged his judicial responsibility by setting the case for trial.

We conclude that the complaint was frivolous. As we have explained, the complaint has no basis in law or fact. And as noted in *Osguthorpe I*, "Osguthorpe came to the federal courts for relief only after receiving an unfavorable state-court ruling on arbitrability several years after litigation had begun in Utah's state-court system." 705 F.3d at 1235. Furthermore, in the face of Osguthorpe's complete failure to produce facts to support a conspiracy, "the existence of a conspiracy between [Judge Hilder] and defendant[s] seems preposterous." *Crabtree ex rel. Crabtree v. Muchmore*, 904 F.2d 1475, 1479 (10th Cir. 1990). We further conclude that ASCU has met its burden to show that Osguthorpe "has misused [its] statutory privilege and distorted the intent of the [civil-rights] legislation." *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1058 n.22 (10th Cir. 2004) (construing attorney-fee provision of False Claims Act under standards applicable to § 1988).

## C. Amount of Attorney's Fees Awarded

Osguthorpe contends that the district court's order failed to provide an adequate basis for the number of hours expended by ASCU's attorneys and the reasonableness of the rate, and failed to separate and exclude attorney's fees incurred on matters unrelated to the § 1983 claim. "To determine a reasonable attorneys fee [to be awarded pursuant to § 1988(b)], the district court must arrive at a 'lodestar'

figure by multiplying the hours [the prevailing party's] counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995).

The district court did not calculate a lodestar or provide any analysis concerning the amount of the attorney's fee to be awarded to ASCU, either in the original grant of attorney's fees or the order entered after remand. *See* Aplt. App. at 1917 (original order stating "that ASCU is entitled to the full amount sought, $42,923.00"); *id.* at 2132 (order on remand "find[ing] that the amount of the fees requested is reasonable, and that ASCU is entitled to the full amount sought, $42,923.00"). Consequently, we are unable to review the reasonableness of the attorney's fees awarded to ASCU. Although we recognize that "[a] request for attorney's fees should not result in a second major litigation," we must remand for further findings because the district court has not provided "a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437. "When recalculating the award, the court must calculate the hours reasonably expended in light of the results achieved and use that as the lodestar for the final award." *Sinajini v. Bd. of Educ. of San Juan Sch. Dist.*, 233 F.3d 1236, 1242 (10th Cir. 2000). "Ideally, of course, litigants will settle the amount of a fee." *Hensley*, 461 U.S. at 437.

## III.  ASCU'S REQUEST FOR ATTORNEY'S FEES ON APPEAL

ASCU included in its appellate brief a request that this court award attorney's fees for work defending this appeal.  "We must deny this request because [ASCU] failed to file a separate motion or notice requesting sanctions."  *Abeyta v. City of Albuquerque*, 664 F.3d 792, 797 (10th Cir. 2011); Fed. R. App. P. 38.  "'Rule 38 requires that before a court of appeals may impose sanctions, the person to be sanctioned must have notice and an opportunity to respond.  A separately filed motion requesting sanctions constitutes notice.  A statement inserted in a party's brief that the party moves for sanctions is not sufficient notice.'"  *Abeyta*, 664 F.3d at 797 (brackets and ellipsis omitted) (quoting Rule 38 advisory committee's note (1994 Amendment)).

## IV.  CONCLUSION

The district court's determination that Osguthorpe's complaint was frivolous, thus entitling ASCU to an award of attorney's fees, is affirmed.  The amount of attorney's fees awarded is vacated and remanded for a calculation of the lodestar and the hours reasonably expended.  ASCU's request for attorney's fees on appeal is denied.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

- 13 -