FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAFER M. HARRISON,

              Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
UNITED STATES MARSHAL
SERVICE,

              Defendants - Appellees.

No. 11-2001
(D.C. No. 1:10-CV-00649-JAP-ACT)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Rafer M. Harrison, a federal prisoner proceeding pro se, appeals the

dismissal of his civil-rights complaint. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

Mr. Harrison was arrested in July 2000 on charges of sexually abusing a

child and was convicted in federal court in January 2001 on one count of

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

aggravated sexual abuse of a child under 12 years old and one count of abusive sexual contact with a child. *See United States v. Harrison*, 296 F.3d 994, 995, 998, 999 (10th Cir. 2002). We affirmed his conviction, *see id.* at 996, and the Supreme Court denied his petition for a writ of certiorari, *see Harrison v. United States*, 537 U.S. 1134 (2003).

Some seven years later, on July 9, 2010, Mr. Harrison filed in the United States District Court for the District of New Mexico a civil action against the United States and the United States Marshal's Office, seeking damages and declaratory and injunctive relief. Although he labeled his damages claim as one under 42 U.S.C. § 1983, the district court properly characterized it as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The gist of his claim is that in 2000 he was removed from the Navajo Nation to federal custody without an extradition hearing. Before any defendants had appeared in the case, the district court dismissed the complaint sua sponte under 28 U.S.C. § 1915(e)(2) on the ground that Harrison had not been entitled to an extradition hearing.

We affirm, although on a different ground from that relied on by the district court. We requested a brief from the government; and, in addition to addressing the merits of Mr. Harrison's extradition claim, it argues that the limitations period on Mr. Harrison's claim expired long before he filed suit. For the reasons set out below, we agree.

Before analyzing the statute-of-limitations defense, however, we must address Mr. Harrison's contention that the government waived it by failing to preserve it below. We agree that ordinarily an affirmative defense must be raised in the district court. But there was no waiver here because the government had no opportunity to raise the issue before Mr. Harrison's appeal. The district court dismissed the complaint sua sponte before expiration of the time to file a response. *See Wiggins v. N.M. State Sup. Ct. Clerk*, 664 F.2d 812, 817–18 (10th Cir. 1981) (no waiver in similar circumstances). Although *Wiggins* went on to say that the statute-of-limitations defense could not be decided by the court of appeals in the first instance, *see id.* at 818, we do not read the opinion as saying that this issue can *never* be decided for the first time on appeal. In general, "we may affirm on any grounds that are sufficiently supported by the record to allow for a conclusion as a matter of law." *Howards v. McLaughlin*, 634 F.3d 1131, 1144 (10th Cir. 2011) (internal quotation marks omitted). Often we cannot resolve a statute-of-limitations defense on appeal because, as with most fact-based issues, it needs to be developed at the trial level. But there are occasions on which (1) the record is clear on what the relevant facts were and (2) the plaintiff suggests no valid reason for declining to resolve the issue on appeal. *See Wilson v. Sirmons*, 536 F.3d 1064, 1093 (10th Cir. 2008) (a court of appeals may rule on a fact-based issue not addressed by the district court "if the record is sufficiently clear with respect to all facts bearing on the issue"); *Jones v. Hulick*,

-3-

449 F.3d 784, 787 (7th Cir. 2006) (deciding timeliness of habeas application). We therefore turn to the limitations issue to see whether the facts relevant to timeliness are undisputed.

"A *Bivens* action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues." *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007). "In New Mexico, the limitation on personal injury claims is three years." *Id.*; *see* N.M. Stat. Ann. § 37-1-8 (1978). At the same time, however, "[f]ederal law, not state law, controls the issue of when a federal cause of action accrues." *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994); *cf. Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law"). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Indus. Constructors Corp.*, 15 F.3d at 969.

The limitations period in this case began to run in 2000, when Harrison's civil rights were allegedly violated by his removal from the Navajo Nation without an extradition hearing. His sole injury was the removal itself. Even if the removal was unlawful, he does not claim that such illegality affected the validity of his prosecution and incarceration by federal authorities. *See Frisbee v.*

-4-

*Collins*, 342 U.S. 519, 522 (1952) ("[T]he power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a forcible abduction." (internal quotation marks omitted)). At the least, his removal from the reservation could not have been the legal cause of any injury once he was convicted in 2001. *See id.* Thus, the limitations period expired in 2003 or perhaps 2004, several years before Harrison filed his complaint.

Harrison raises two arguments why the limitations period had not expired when he filed his suit. First, he contends that because the alleged violation occurred on the Navajo Nation's territory, we should apply the Nation's statutory limitations period rather than the New Mexico statute. But he cites no authority supporting the application of a tribal limitations period in these circumstances, *see Van Tu v. Koster*, 364 F.3d 1196, 1198 (10th Cir. 2004) (refusing in a *Bivens* action to apply Vietnamese law in place of the Utah limitations statute when "Plaintiffs [have given] us no reason to do so"); and he even fails to show that he would benefit from applying Navajo law.[1]

Second, Harrison argues that he is entitled to equitable tolling because he was imprisoned and was not aware of the extradition law at the time of his arrest.

---

[1]Mr. Harrison does not state what the Navajo limitations period is. But apparently the Navajo Nation limitations period for personal injury is two years—one year shorter than the period provided by the New Mexico statute. *See* Navajo Nation Code Ann. tit. 7, § 602(A)(1) (2005).

State law ordinarily governs the application of equitable tolling in a federal civil-rights action. *See Roberts*, 484 F.3d at 1240. Under New Mexico law, "'[e]quitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control.'" *Id.* at 1241, *quoting Ocana v. Am. Furniture Co.*, 91 P.3d 58, 66 (N.M. 2004). Harrison's imprisonment and lack of legal expertise are not extraordinary circumstances that would have prevented him from discovering his alleged injury through the exercise of reasonable diligence. We therefore reject his equitable-tolling argument. Because the statute-of-limitations issue can be definitively resolved on this record, we affirm on this ground the dismissal of Mr. Harrison's damages claim.

Finally, we can readily dispose of Mr. Harrison's request for declaratory and injunctive relief to prevent "future extradition of Native American inmates." R. at 9. Such relief is unavailable unless the plaintiff is "suffering a continuing injury or [is] under a real and immediate threat of being injured in the future." *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004); *see Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). Mr. Harrison is not suffering any present injury from his removal from the reservation, *see Frisbee*, 342 U.S. at 522; and he has not suggested any threat that he will be removed in the near future.

We AFFIRM the district court's dismissal of Harrison's complaint. We DENY Harrison's motion for appointment of counsel; we GRANT his motions to file an untimely reply brief; and we GRANT his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge