2012 COA 217

**Ann Marie DAMIAN and John M. Taylor, Jr., Plaintiffs–Appellants,**

**v.**

**MOUNTAIN PARKS ELECTRIC, INC., a Colorado cooperative association, Defendant–Appellee.**

**No. 11CA1887.**

Colorado Court of Appeals, Div. IV.

Dec. 27, 2012.

Rehearing Denied Jan. 24, 2013.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2012.

Bachus & Schanker, LLC, J. Kyle Bachus, Maaren L. Johnson, Denver, Colorado, for Plaintiffs–Appellants.

Hall & Evans, LLC, Alan Epstein, Robert J. McCormick, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge TERRY.

¶ 1 Plaintiffs, Ann Marie Damian and John M. Taylor, Jr., appeal the summary judgment in favor of defendant, Mountain Parks Electric, Inc. We affirm.

¶ 2 As an issue of first impression, we conclude that, under the circumstances presented here, the equitable tolling doctrine is not available to alter the limitations period set forth in the Colorado Consumer Protection Act (CCPA), section 6–1–115, C.R.S. 2012. We also conclude that, under the circumstances of this case, the district court did not err in declining to apply the CCPA's one-year extension of the statute of limitations.

## I. Background

¶ 3 On November 30, 2007, plaintiffs filed a complaint against defendant, asserting claims under the CCPA for damages allegedly caused by defendant's deceptive trade practices in the marketing and sale of a heating system. On April 15, 2008, the district court dismissed the action without prejudice, concluding that the central issue was a dispute regarding unreasonable electricity rates, and that the court, therefore, lacked subject matter jurisdiction because plaintiffs had failed to exhaust their administrative remedies through the Colorado Public Utilities Commission (PUC).

¶ 4 Eighteen months later, on November 6, 2009, plaintiffs filed a complaint with the

PUC, alleging fraud, breach of contract, and unjust and unreasonable electric rates in violation of section 40–9.5–106(2), C.R.S.2012. The PUC dismissed the complaint, ruling that it lacked jurisdiction to address the common law claims, and that plaintiffs had presented no evidence that defendant violated section 40–9.5–106(2).

¶ 5 Plaintiffs refiled their complaint with the district court on September 3, 2010, again alleging that defendant violated the CCPA. Defendant moved to dismiss or, alternatively, for summary judgment, claiming, among other things, that plaintiffs failed to file their complaint within the CCPA's three-year statute of limitations. The district court found, and the parties agree, that the statute of limitations began to run on January 1, 2007. Thus, the statute of limitations for plaintiffs' CCPA claim expired no later than January 1, 2010. The court found that the action was time barred and that the doctrine of equitable tolling did not apply, and thus dismissed the action.

¶ 6 After dismissal, plaintiffs filed a motion under C.R.C.P. 59(a), asking the court to reconsider its grant of summary judgment in light of new deposition testimony by defendant's representative. In their reply brief supporting the motion, plaintiffs argued for the first time that the CCPA's one-year extension of the statute of limitations applied. The court denied the motion, concluding that plaintiffs had not satisfied the newly discovered evidence test, and that the new testimony did not create genuine issues of material fact as to the application of equitable tolling or the one-year statutory extension under the CCPA.

## II. Discussion

¶ 7 Plaintiffs argue that the district court erred in dismissing the case on statute of limitations grounds. Plaintiffs do not dispute that their second complaint was filed after the expiration of the three-year statute of limitations. However, they maintain that genuine issues of material fact exist regarding whether the CCPA's one-year extension of the statute of limitations applies and whether the limitations period should be equitably tolled. We are not persuaded.

### A. Standard of Review

■ ¶ 8 Summary judgment is a drastic remedy and should be granted only when the pleadings and supporting documentation demonstrate that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *West Elk Ranch, L.L.C. v. United States,* 65 P.3d 479, 481 (Colo.2002). An appeal from a summary judgment is reviewed de novo. *Id.* The nonmoving party receives the benefit of all favorable inferences from the undisputed facts, and all doubts as to the existence of a triable issue of fact are resolved against the moving party. *Id.*

> Issues such as when a cause of action accrues, whether a claim is barred by a statute of limitations, and whether a statute of limitations should be equitably tolled, are issues of fact. However, if the undisputed facts show that a plaintiff discovered the existence of a claim as of a particular date, that a statute of limitations bars the filing of a claim, or that a plaintiff is not entitled to rely on the doctrine of equitable tolling, then summary judgment may be granted.

*Olson v. State Farm Mut. Auto. Ins. Co.,* 174 P.3d 849, 853 (Colo.App.2007) (citations and quotations omitted).

### B. CCPA One–Year Extension

■ ¶ 9 Plaintiffs first contend that the district court erred in not applying the one-year extension of the statute of limitations set forth in section 6–1–115. We disagree.

¶ 10 The CCPA provides for a limitations period of three years, but extends that limitations period by one year if the plaintiff proves that the defendant caused the plaintiff to delay or refrain from filing the action, stating:

> All actions brought under this article must be commenced within three years after the date on which the false, misleading, or deceptive act or practice occurred ... or within three years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive

act or practice. *The period of limitation provided in this section may be extended for a period of one year if the plaintiff proves that failure to timely commence the action was caused by the defendant engaging in conduct calculated to induce the plaintiff to refrain from or postpone the commencement of the action.*

§ 6–1–115 (emphasis added).

¶ 11 Plaintiffs rely on the italicized statutory language to argue that defendant engaged in conduct requiring extension of the limitations period. According to plaintiffs, defendant made misrepresentations that resulted in plaintiffs having to first raise their claims before the PUC. They further maintain that "[h]ad [defendant] not insisted that the PUC was the proper forum for [plaintiffs'] dispute, the three-year statute of limitation [sic] would easily have been met by virtue of the initial lawsuit filed by [plaintiffs]."

¶ 12 The district court found, and we agree, that there was no evidence to support plaintiffs' contention that defendant's conduct induced the delay in plaintiffs' refiling of their action. We also agree with the district court's ruling that it was not defendant's conduct, but rather plaintiffs' unexplained eighteen-month delay in instituting the PUC proceeding, that caused the statute to run. As the district court noted, plaintiffs failed to take steps to preserve the statute of limitations, such as by refiling and staying their suit in the district court before or during the PUC proceeding. We conclude that the district court did not err in ruling that the one-year extension of the statute of limitations was not applicable based on these facts.

## C. Equitable Tolling Doctrine

¶ 13 Plaintiffs also argue that the district court should have held that the statute of limitations was equitably tolled in light of the facts and procedural history of this case. We disagree.

¶ 14 "[E]quity may require a tolling of the statutory period where flexibility is required to accomplish the goals of justice." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo.1996). Equitable tolling may be permitted when a plaintiff is prevented from timely filing a complaint by the defendant's wrongful conduct or by other truly extraordinary circumstances. *Morrison v. Goff*, 91 P.3d 1050, 1053 (Colo.2004); *Dean Witter Reynolds*, 911 P.2d at 1096–97; *Neuromonitoring Assocs. v. Centura Health Corp.*, 2012 COA 136, ¶ 22, — P.3d —, 2012 WL 3518017. However, equitable tolling is not permitted when it is inconsistent with the text of the relevant statute. *Smith v. Exec. Custom Homes, Inc.*, 230 P.3d 1186, 1192–93 (Colo.2010).

¶ 15 In construing statutes of limitations, we endeavor to ascertain and effectuate the General Assembly's intent. *Morrison*, 91 P.3d at 1052. We interpret statutes of limitations consistent with their "purposes of promoting justice, avoiding unnecessary delay, and preventing the litigation of stale claims." *Id.* "We avoid giving a forced, subtle, strained, or unusual interpretation where the [statutory] language is plain, the meaning is clear, and no absurdity is involved." *DISH Network Corp. v. Altomari*, 224 P.3d 362, 366 (Colo.App.2009).

¶ 16 Colorado appellate courts have not previously considered whether the equitable tolling doctrine is consistent with the CCPA. We conclude that, under the circumstances presented here, equitable tolling may not be applied to toll the CCPA's statute of limitations.

¶ 17 As discussed above, section 6–1–115 of the CCPA already provides for a one-year extension of the limitations period if a defendant engages in conduct calculated to induce the plaintiff to refrain from or postpone the commencement of the action. Thus, under the facts asserted here, application of the equitable tolling doctrine to the CCPA would be redundant. *See Smith*, 230 P.3d at 1192 (concluding that equitable tolling is inconsistent with the Construction Defect Action Reform Act (CDARA) because the Act "already provides an adequate legal remedy in the form of statutory tolling," and "application of the equitable repair doctrine to toll claims under the CDARA would therefore be redundant.").

¶ 18 Plaintiffs have not alleged the type of truly extraordinary circumstances that might allow equitable tolling. *Cf. Hanger v. Abbott*, 73 U.S. 532, 534, 6 Wall. 532, 18 L.Ed. 939 (1867) (extraordinary circumstances prevent-

ed the plaintiff from timely filing action where courts in southern states were closed during the Civil War); *Seattle Audubon Soc'y. v. Robertson,* 931 F.2d 590, 596–97 (9th Cir.1991) (equitable tolling appropriate where district court's erroneous enforcement of an unconstitutional statute barred the plaintiff from timely filing claims), *rev'd on other grounds,* 503 U.S. 429, 112 S.Ct. 1407, 118 L.Ed.2d 73 (1992); *Osbourne v. United States,* 164 F.2d 767, 768–69 (2d Cir.1947) (extraordinary circumstances found where the plaintiff could not file suit within limitations period because he was held prisoner by Japan during World War II); *see also Brodeur v. Am. Home Assurance Co.,* 169 P.3d 139, 150 n. 12 (Colo.2007) (discussing cases involving facts "where the plaintiff was truly precluded from bringing a claim by circumstances outside his or her control"); *Dean Witter Reynolds,* 911 P.2d at 1097 (the reasoning underlying equitable tolling decisions is "that it is unfair to penalize the plaintiff for circumstances outside his or her control, so long as the plaintiff makes good faith efforts to pursue the claims when possible").

¶ 19 Accordingly, we conclude that the district court did not err in dismissing plaintiffs' complaint on statute of limitations grounds.

¶ 20 Judgment affirmed.

Judge GRAHAM and Judge J. JONES concur.