PER CURIAM.
Plaintiff-Appellant JetAway Aviation, LLC (“JetAway”) sued Defendants-Appel-lees (“Defendants”) alleging, inter alia, violations of §§ 1 and 2 of the Sherman Act. Defendants are two local governmental entities, the Board of County Commissioners of the County of Montrose, Colorado (the “BOCC” or the “County”) and the Mont-rose County Building Authority, and also non-governmental defendants Jet Center Partners, LLC (“JCP”), Black Canyon Jet Center, LLC (“BCJC”), Kevin Egan, and James Rumble.[1] The district court granted summary judgment to Defendants on JetAway’s antitrust claims on multiple bases, including that JetAway did not have antitrust standing to bring its claims. Jet-Away now appeals from this decision, and Governmental Defendants cross-appeal from the district court’s denial of summary judgment on state-action immunity grounds.
Acting as a quorum, Judges Tymkovich and Holmes join this per curiam opinion and affirm the district court’s judgment. More specifically, both judges conclude that the district court’s decision *826 should be affirmed on the ground that JetAway has failed to establish an antitrust injury and, consequently, lacks antitrust standing to bring this action. However, the judges employ different reasoning in reaching this conclusion; their separate concurrences, which are appended hereto, set out their reasoning. The late Judge Holloway took no part in the final resolution of this appeal.
Because this court fully denies JetAway relief at the threshold on the basis of its failure to establish an antitrust injury, it has no need to reach Governmental Defendants’ cross-appeal regarding state-action immunity. Accordingly, that cross-appeal is dismissed as moot.
In addition, the court addresses here two pending procedural matters—a motion to seal and a motion to strike. JetAway has filed an unopposed motion to seal Volume XVI of its appendix, which contains numerous documents that were under seal in the district court. This motion was provisionally granted by the Tenth Circuit’s clerk’s office, pending the merits panel’s final determination. For the reasons that follow, the court denies the motion to seal.
“Courts have long recognized a common-law right of access to judicial records,” but this right “is not absolute.” Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir.2007); see, e.g., Nixon v. Warner Commc’ns, Inc., 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) (“It is uncontested ... that the right to inspect and copy judicial records is not absolute.” (emphasis added)). We may, in our discretion, “seal documents if the public’s right of access is outweighed by competing interests.” Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir.2011) (quoting United States v. Hickey, 767 F.2d 705, 708 (10th Cir.1985)) (internal quotation marks omitted). “In exercising this discretion, we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties.” Id. (quoting Crystal Grower’s Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir.1980)) (internal quotation marks omitted). To overcome this presumption against sealing, the party seeking to seal records “must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.” Eugene S. v. Horizon Blue Cross Blue Shield of N.J., 663 F.3d 1124, 1135-36 (10th Cir.2011) (quoting Helm, 656 F.3d at 1292) (internal quotation marks omitted).
On appeal, JetAway does not provide any basis for sealing the identified documents; instead, it merely states that the documents were filed under seal in the district court pursuant to a protective order and requests that this court maintain the status quo. Controlling precedent in this circuit—that was readily available to JetAway when it filed its motion to seal— explicitly rejects such an explanation as a sufficient justification for sealing documents on appeal. See Helm, 656 F.3d at 1292 (“[T]he parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court.”); see also Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241-42 (10th Cir.2012) (denying a motion to seal because “[t]he parties’ only stated reason for filing these documents under seal [was] that they involve[d] the terms of confidential settlement agreements and/or they were filed under seal in the district court” and “[n]either party [had] submitted any specific argument or facts indicating why the confidentiality of their settlement agreements outweigh[ed] the presumption of public access,” and noting that we were *827 “not bound by the district court’s decision to seal certain documents”).
Under the foregoing precedent, this court clearly could rest its denial of JetA-way’s motion to seal solely on this lack of justification. However, despite having no obligation to do so, this court has taken the additional step of examining JetAway’s motion for a protective order—presented to the district court—to discern whether JetAway has ever expressly offered any specific grounds for why the confidentiality of the documents at issue “outweighs the presumption of public access.” Colony Ins. Co., 698 F.3d at 1242. JetAway has not; its protective-order motion simply states that, at that time, the parties anticipated the production of confidential and proprietary information during discovery.
However, a generalized allusion to confidential information is woefully inadequate to meet JetAway’s “heavy burden.” See Helm, 656 F.3d at 1292-93 (rejecting as insufficient the parties’ sole argument in support of their motion to seal that the documents at issue were “confidential discovery materials that [were] subject to a stipulated protective order entered by the district court”). Thus, even after taking this additional step, this court finds no basis to seal the requested documents; it denies that relief.
And, with limited elucidation required, the court disposes of the second procedural matter. Defendants move to strike Jet-Away’s reliance on notes taken by County Commissioner David White regarding conversations he had with JCP’s Kevin Scott. The notes purportedly support JetAway’s position that Mr. Scott and Mr. Rumble colluded with Mr. Patterson to ensure that fixed-base operator (“FBO”) services at Montrose Regional Airport (the “Airport”)[2] were privatized and that the County would select JCP as the sole provider of those services. The district court concluded that these notes were inadmissible double hearsay. It is unnecessary to delve into the parties’ arguments on this score; even if this court considered the notes, it would conclude that they have no bearing on the dispositive issue—viz., whether Jet-Away has antitrust standing. Therefore, Defendants’ motion to strike is denied as moot.
In sum, by this per curiam opinion, this court AFFIRMS the district court’s grant of summary judgment to Defendants, DISMISSES Governmental Defendants’ cross-appeal as moot, DENIES JetAway’s motion to seal, and DENIES Defendants’ motion to strike as moot.

. When appropriate, the attached concurrences use the abbreviations noted here and, more generally, refer to the BOCC and the Montrose County Building Authority as "Governmental Defendants,” and to JCP, BCJC, Mr. Egan, and Mr. Rumble as "Non-Governmental Defendants.”

. When appropriate, the attached concurrences use the abbreviations noted here ("FBO” and the “Airport”) in reference to fixed-base operator services at the Montrose Regional Airport.