**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DR. DRAKE VINCENT, M.D., an
individual; DR. BENJAMIN DUNKLEY,
D.O., an individual,

        Plaintiffs - Appellants,

v.

UTAH PLASTIC SURGERY SOCIETY,
an unincorporated Utah organization;
AMERICAN SOCIETY OF PLASTIC
SURGEONS, a non profit Illinois
corporation; THE AMERICAN BOARD
OF PLASTIC SURGERY, an
unincorporated Pennsylvania organization,
and the following Board Members of the
Utah Plastic Surgery Society doctors
licensed to practice in Utah, including:
DR. W. BRADFORD ROCKWELL, M.D.;
DR. GREGORY KJAR, M.D.; DR.
RENATO SALTZ, M.D.; DR. GRANT R.
FAIRBANKS, M.D.; DR. JUNE S. CHEN,
M.D.; DR. BRYAN V. SONNTAG, M.D.;
DR. ERIC ASHBY, M.D.; DR. STEPHEN
RALSTON, M.D.; DR. YORK YATES,
M.D.; DR. LEE J. MALAN, M.D.; DR.
TRENTON JONES, M.D.; DR. BRIAN K.
BROWSKI, M.D.; DR. DAVID S.
THOMAS, M.D.; DR. KIMBALL M.
CROFTS, M.D.; DR. DANIEL SELLERS,
M.D.; DR. GRANT A. FAIRBANKS,
M.D.; DR. CHRISTINE A. CHENG,
M.D.; DR. R. SCOTT HAUPT, M.D.; DR.
JAMES M. CLAYTON, M.D.,

        Defendants - Appellees.

No. 13-4146
(D. Utah)
(D.C. No. 2:12-CV-01048-TS)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **McHUGH**, Circuit Judges.

## I.    Introduction

Plaintiffs-appellants are cosmetic surgeons who brought an action against Defendants in Utah federal court, asserting false advertising claims under the Lanham Act and monopolization claims under the Sherman Act. Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted Defendants' motion. As to the Sherman Act claims arising under 15 U.S.C. § 1, the district court concluded Plaintiffs failed to adequately allege either a per se violation or that Defendants' concerted action had an anticompetitive effect on the market. The Sherman Act claims arising under 15 U.S.C. § 2 were dismissed because Plaintiffs failed to adequately allege Defendants possessed monopoly power in the relevant market. Plaintiffs' Lanham Act claims were dismissed because Plaintiffs failed to

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

adequately allege the challenged advertisements were either literally or impliedly false, and failed to adequately plead damages.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **affirm** the dismissal of Plaintiffs' complaint.

## II.     Factual Background

The facts alleged by Plaintiffs are fully set out in the district court's order. Relevant to this appeal, Plaintiffs allege the individual Defendants are all members of the Utah Plastic Surgery Society (the "Society") and certified as plastic surgeons by The American Board of Plastic Surgery (the "Board"). The Society is alleged to be an unincorporated entity headquartered in Utah. The Board is a nonprofit Illinois corporation headquartered in Philadelphia. Plaintiffs are Utah-licensed physicians who perform cosmetic surgery in the state of Utah. Plaintiffs are not certified as plastic surgeons by the Board.

Plaintiffs assert Defendants have conspired to prevent them from competing in the cosmetic surgery market. Their appellate arguments center on billboard advertisements Defendants placed along Interstate-15 in Utah that were denominated as "Public Safety Announcements." According to Plaintiffs, these billboards conveyed a contrived and deceptive notion that cosmetic surgery is safer when performed by plastic surgeons rather than cosmetic surgeons. Plaintiffs assert this message is also conveyed on a website referenced on the

billboards.  Both the billboards and the website contain the insignias of the Board and the Society.

Plaintiffs asserted claims arising under the Sherman Act, the Lanham Act, and Utah state law.  Defendants moved to dismiss the complaint for failure to state a claim, arguing Plaintiffs failed to adequately plead the Sherman and Lanham Act claims.  The district court granted the motion, dismissing all federal and state claims.[1]

## III.    Discussion

### A.    *Standard of Review*

Because Plaintiffs' federal claims were dismissed pursuant to Rule 12(b)(6), our review is *de novo*.  *Cohen v. Longshore*, 621 F.3d 1311, 1315 (10th Cir. 2010).  A complaint is subject to dismissal under Rule 12(b)(6) if it contains only a "formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

---

[1]The district court declined to exercise supplemental jurisdiction over the state law claims and dismissed them without prejudice.

B.    *Sherman Act*

Plaintiffs' Sherman Act claims arise under both 15 U.S.C. § 1 and § 2. "[T]he Sherman Act is not concerned with overly aggressive business practices, or even conduct that is otherwise illegal, so as long as it does not unfairly harm competition." *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs*, 754 F.3d 824, 835 (10th Cir. 2014).  Thus, Plaintiffs' Sherman Act claims were properly dismissed if their complaint fails to sufficiently allege that Defendants' conduct had an anticompetitive effect in the relevant market.[2]  *See Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 762 F.3d 1114, 1119 (10th Cir. 2014) (holding a plaintiff cannot prove a § 2 monopolization claim without showing "harm to competition"); *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1124-25 (10th Cir. 2005) (affirming the dismissal of § 1 claim because plaintiff failed to sufficiently allege defendant's conduct harmed competition).

Although Plaintiffs' appellate brief contains nary a reference to their complaint, this court has reviewed the document in its entirety.  The complaint contains a bald, unsupported assertion that Defendants' conduct has restrained "competition in the cosmetic surgery market."  This vague and conclusory allegation does not sufficiently allege anticompetitive effect.  Our independent review of the complaint has uncovered no factual allegations that "raise a right to

_____

[2]Based on Plaintiffs' appellate argument, we will assume for purposes of this appeal that the relevant market is the Wasatch Front.

relief above the speculative level." *Twombly*, 550 U.S. at 555. Accordingly, we **affirm** the dismissal of Plaintiffs' Sherman Act claims.[3]

      *C.     Lanham Act*

Plaintiffs also raise false advertising claims under the Lanham Act, alleging the billboards and website maintained by Defendants mislead the public into mistakenly believing cosmetic procedures performed by cosmetic surgeons are risky and inherently dangerous.[4] 15 U.S.C. § 1125 (prohibiting certain unfair business practices). To prevail on a false advertising claim, a plaintiff must show,

> (1) that defendant made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (2) in commerce; (3) that are either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (4) injure the plaintiff.

*Cottrell, Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1252 (10th Cir. 1999) (citations omitted). The district court concluded Plaintiffs failed to set out a plausible claim

---

[3]Plaintiffs § 2 claim is inadequately briefed and, ordinarily, we would treat it as waived. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005). Because our conclusion that Plaintiffs' complaint fails to sufficiently allege an anticompetitive effect resolves both of Plaintiffs' Sherman Act claims, we affirm the dismissal of the § 2 claim on that basis.

[4]In their complaint, Plaintiffs also asserted one of the defendants violated the Lanham Act by making false and misleading representations of fact during a television interview. The district court concluded this claim failed because the statements were not commercial speech for purposes of the Lanham Act. Although Plaintiffs briefly mention these comments in their opening brief, they have not appealed the district court's ruling on this issue.

that Defendants made false statements or misrepresentations of fact and, thus, failed to sufficiently allege the element of falsity. According to Plaintiffs, the district court erroneously imposed a heightened standard, requiring them to prove their allegations rather than plausibly plead them. Plaintiffs argue they sufficiently alleged that statements made on Defendants' billboards and website are either literally or impliedly false under the correct pleading standard.

Plaintiffs assert the applicable test for whether a statement is literally false can be found in a twenty-year-old case from a federal district court in Pennsylvania. *See Johnson & Johnson-Merck Consumer Pharm. Co. v. Rhone-Poulenc Rorer Pharm. Co.*, 1993 WL 21239 (E.D. Pa. 1993). It is unnecessary to address Plaintiffs' argument because, without regard to whether the district court properly analyzed the issue of literal falsity, Plaintiffs' complaint does not allege Defendants' statements are literally false, either on their face or by necessary implication.[5] *See Zoller Labs, LLC v. NBTY, Inc.*, 111 F. App'x 978, 982 (10th Cir. 2004) (setting out, in an unpublished nonprecedential disposition, two ways to prove literal falsity). *But see Eastman Chem. Co. v. Plastipure, Inc.*, 775 F.3d 230, 240 (5th Cir. 2014) (noting only the First, Second, Third, Fourth, Ninth, and

---

[5]Plaintiffs' make a brief, unsupported allegation that Defendants' statements are literally false because the Board denies that it permitted Defendants to use its seal in their advertisements. The unresolved question of whether the Board gave permission is not material because Plaintiffs' complaint does not allege that the use of the Board's seal is a literal falsity and they have never filed a proper motion to amend. *See infra* § III D.

Federal Circuits have adopted the "false by necessary implication" doctrine).

Plaintiffs, themselves, acknowledged during oral argument that they are

advancing an implied falsity claim.[6]

As to whether they sufficiently pleaded implied falsity, Plaintiffs direct this

court to eleven paragraphs in their complaint which they assert "contain the very

'amorphous, misleading statements' as contemplated by the Lanham Act." These

referenced paragraphs identify the challenged statements made by Defendants and

describe Plaintiffs' characterization of those statements. To prevail on their

implied falsity claims, however, Plaintiffs must show "actual consumer

deception." *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 14 (7th Cir. 1992);

*see also Scotts Co., v. United Indus. Corp.*, 315 F.3d 264, 273 (4th Cir. 2002)

("[I]f a plaintiff's theory of recovery is premised upon a claim of implied

falsehood, a plaintiff must demonstrate, by extrinsic evidence, that the challenged

[advertisements] tend to mislead or confuse consumers." (quotation omitted)).

Plaintiffs can make this showing by presenting extrinsic evidence that

demonstrates "a statistically significant part of the commercial audience holds the

false belief allegedly communicated by the challenged advertisement." *Johnson*

*& Johnson * Merck Consumer Pharm. Co., v. Smithkline Beecham Corp.*, 960

---

[6]Plaintiffs' concession is relevant because a plaintiff proceeding under an implied falsity theory "must also introduce evidence of the statement's impact on consumers." *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000).

F.2d 294, 297-98, 298 (2d Cir. 1992). Plaintiffs' complaint contains no such factual allegation or any other specific factual allegation on the issue of actual consumer deception. Any assertions in their complaint on public confusion are mere speculation. For example, Plaintiffs' complaint alleges that "Defendants' false and misleading statements have created confusion among Plaintiffs' clients, potential clients, and will continue to do so if permitted to continue." This allegation is wholly unsupported by even a single relevant fact.[7] The Supreme Court has clearly stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and alteration omitted). Under this controlling standard, Plaintiffs' complaint inadequately pleads actual consumer deception.

Not only have Plaintiffs failed to adequately plead implied falsity, they have also failed to adequately plead damages. Plaintiffs argue their complaint adequately alleges that they lost sales and potential customers because of

---

[7]Plaintiffs argue they should be permitted to produce customer reaction surveys if this court concludes they are necessary. This argument is easily rejected. Plaintiffs have not indicated that they possess any such surveys. Further, Plaintiffs are required at the pleading stage to allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support their claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). While Plaintiffs' complaint need not contain sufficient evidence to prove their claim, they cannot file an inadequate complaint and then use the discovery process to develop a factual basis for their claims in the first instance. *Id.*

Defendants' statements. They assert the district court erred because it determined their complaint must contain sufficient facts to *prove* their entitlement to damages. Plaintiffs not only mischaracterize the district court's ruling but they also overstate the allegations in their complaint.

Plaintiffs argue they have pleaded damages with particularity "by setting forth they have lost goodwill, . . . they have lost current customers, current customers have lost faith in them resulting in lost revenue, they have lost sales, their affiliate relationships have been damaged, and they have lost opportunities at surgical centers that have been misinformed." But Plaintiffs' appellate brief does not direct this court to the paragraphs in the complaint in which these allegations appear. Our review of the complaint reveals the following allegation on the issue of Lanham Act damages: "Plaintiffs have been and will continue to be damaged as a result of Defendants' false statements by the resultant market confusion, by disruption of Plaintiffs' relationships with its customers, loss of potential customers, by diversion of Plaintiffs' customers to Defendants, and by damage to Plaintiffs' goodwill and reputations as competent and reliable cosmetic surgeons." This allegation, like the allegations related to implied falsity, is wholly conclusory. Plaintiffs' complaint does not contain a single factual allegation supporting their "labels and conclusions." *Id.* at 555. For example, the complaint does not indicate how much Plaintiffs' profits have decreased since Defendants began their advertising campaign; it does not quantify or estimate the

-10-

decrease in goodwill; it does not quantify the number of potential customers who allegedly have been lost because of Defendants' statements or how that number would be measured. Plaintiffs' assertion of damages is merely a "formulaic recitation" of the damages element of their Lanham Act claim and their bald allegations are insufficient to "raise the right to relief above the speculative level." *Id*.

### D.    Amendment

In their memorandum opposing Defendants' motion to dismiss, Plaintiffs included the following request: "[I]n the event the Court finds Plaintiffs have not met their burden with respect to satisfying the Court in pleading an adequate amount of facts with the prescribed amount of particularity, Plaintiffs request the Court allow an amendment to the complaint." The district court declined to recognize Plaintiffs' statement as a proper motion to amend. Plaintiffs challenge the district court's ruling, arguing the court abused its discretion by refusing to permit them to amend their complaint. *See TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (setting out an abuse-of-discretion standard of review). There was no abuse of discretion.

This court addressed a nearly identical situation in *Glenn v. First National Bank in Grand Junction*, 868 F.2d 368 (10th Cir. 1989). There, we declined to construe a one-sentence request, made in response to a motion to dismiss, as a motion for leave to amend because it failed to state the grounds for the request

-11-

and did not "rise to the status of a motion." *Id*. at 370. The request Plaintiffs made to the district court likewise gives no grounds for the requested amendment. It does not specify how Plaintiffs would amend their complaint to provide necessary, but omitted, factual background. As we stated in *Glenn*, it was nothing more than a "premature request for leave to amend" that was a "mere 'shot in the dark.'" *Id*. Accordingly, the district court did not abuse its discretion in failing to recognize Plaintiffs' request as a motion to amend the complaint.

### E.     *Motion to Dismiss*

After Plaintiffs filed their opening appellate brief, the Board moved to dismiss the appeal against it, arguing Plaintiffs now concede the Board did not authorize the use of its symbol or mark on the advertisements at issue. According to the Board, this concession renders the appeal against the Board frivolous because use of the Board's mark is the sole basis for Plaintiffs' claims against the Board. Having read Plaintiffs' brief in its entirety, we do not think it can reasonably be interpreted to contain the concession alleged by the Board. On appeal, plaintiffs argue Defendants' use of the Board's mark without its permission supports their argument that Defendants' statements are literally false. They do not, however, specifically concede the mark was used without permission. They merely use the Board's factual assertion to support their

argument.[8]  Accordingly, the Board's motion is **denied** as is their request for damages.

## IV.    Conclusion

Plaintiffs have failed to plead either a Sherman Act or Lanham Act claim that has facial plausibility.  The judgment of the district court is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[8]We do not consider Plaintiffs' argument because Plaintiffs did not seek to amend their complaint to include a claim of literal falsity.  *See supra* n.5.