**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LUKE IRVIN CHRISCO,

    Plaintiff - Appellant,

v.

TIFFANY HOLUBEK, SCCF Law
Librarian; RICHARD F. RAEMISCH,
CDOC Exec. Dir.,

    Defendants - Appellees.

_____

LUKE IRVIN CHRISCO,

    Plaintiff - Appellant,

v.

TIFFANY HOLUBEK,
SCCF Law Librarian,

    Defendant - Appellee.

No. 17-1169
(D.C. No. 1:17-CV-00231-LTB)
(D. Colo.)

No. 17-1196
(D.C. No. 1:17-CV-00573-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1and 10th Cir. R. 32.1.

_____

Luke Irvin Chrisco is a Colorado state prisoner proceeding pro se. These appeals arise from claims he filed against a prison law librarian and other prison officials under 42 U.S.C. § 1983. The district court dismissed all claims against all defendants as legally frivolous in two separate orders, which Chrisco now appeals. We dismiss the appeals as frivolous.

**Background**

1.      **Appeal No. 17-1169**

In the first action, Chrisco asserted five claims alleging retaliation and denial of access to the courts during his incarceration at the San Carlos Correctional Facility (SCCF) from July 2 to September 16, 2014. In addition to critiquing the prison's grievance process generally, he took issue with numerous practices and procedures at the prison library and accused the librarian of "sabotag[ing]" the grievance process and "hijack[ing]" his habeas petition. Appeal No. 17-1169, R. at 5-6 (internal quotation marks omitted).

Chrisco did not file his complaint until January 2017—more than four months after the applicable two-year statute of limitations had run. Therefore, the district court ordered him to show cause why his case should not be dismissed as untimely. Chrisco responded by identifying a confluence of circumstances that purportedly prevented a timely filing: namely, obstructionist behavior by prison officials with respect to grievances and library access, his inability to obtain copies of grievances, delayed receipt of the prison litigation manual, extended mental-health watches,

2

involuntary sedation and medication, and his lack of eyeglasses. Based on these circumstances, he asked the district court to equitably toll the statute of limitations.

The district court rejected Chrisco's equitable-tolling arguments, noting that he had been able to file a number of other cases during the relevant time period. *See* Appeal No. 17-1169, R. at 60 ("Based on his litigation history, it is apparent that the obstacles Mr. Chrisco allegedly faced during the relevant time period did not actually prevent him from filing civil actions and pursuing legal claims."). It dismissed his claims as barred by the statute of limitations and legally frivolous.

Chrisco twice sought reconsideration of the district court's ruling. First, he filed a motion under Federal Rule of Civil Procedure 60(b), which the district court construed as a motion under Federal Rule of Civil Procedure 59(e) because of the timing of the filing. In addition to repeating many of his earlier arguments, Chrisco explained that "he would have had to forgoe [sic] his other legal activities" or "file them past their limitations period" had he timely filed this action. Appeal No. 17-1169, R. at 64-65. This explanation only reinforced the district court's earlier conclusion that he was not prevented from timely filing his claims, so it denied his motion. Second, Chrisco filed a motion to reopen his case and reconsider the denial of his Rule 60(b) motion via oral argument; the motion was summarily denied.

Chrisco appeals the dismissal order and the orders denying his postjudgment motions.

3

**2. Appeal No. 17-1196**

In the second action, Chrisco asserted nine claims alleging retaliation and denial of access to the courts, equal protection, and due process during his incarceration at the same facility from February 2015 to mid-2016. The first six claims stemmed from his belief that he is a sovereign citizen and his desire to pursue sovereignty-law claims in federal court.[1] The remaining claims related to his efforts to appeal the denial of a state habeas petition, to various acts of retaliation, and to the prison policy limiting prisoners to 15 books.

The magistrate judge found a number of technical and substantive deficiencies in the complaint, including Chrisco's "fail[ure] to allege specific facts in support of his claims that demonstrate he is entitled to relief." No. 17-1196, R. at 39. He therefore ordered Chrisco to file an amended complaint that complies with the Federal Rules of Civil Procedure and clarifies his claims, using the court-approved form. The order warned Chrisco that failure to comply would result in dismissal, but even so he did not respond. The district court thus treated the original complaint as the operative pleading, assessed its sufficiency, and dismissed all claims as legally frivolous.

Chrisco appeals the dismissal order.

---

[1] Chrisco explains that sovereigns, also known as "sojourners," do not consider themselves to be citizens of the United States and "use commercial and diplomatic law to negate the voidable contracts of adhesion that they take issue with, and to regain their status as 'the People' of the several states which are guaranteed a Republican form of government." No. 17-1196, Aplt. Opening Br. at 8, 12. But according to Chrisco, prison officials disfavor such claims and impede prisoners from filing them.

4

## Discussion

Because Chrisco is proceeding pro se, "we construe his pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). We make some allowances for deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Id.*

We start with the first appeal, No. 17-1169. As the district court correctly explained, § 1983 does not contain a statute of limitations or a body of tolling rules; to fill the void, we turn to the state statute of limitations and tolling rules for the analogous cause of action. *See* Appeal No. 17-1169, R. at 56 (citing *Bd. of Regents v. Tomanio*, 446 U.S. 478, 483-84 (1980)). The Supreme Court has stated that § 1983 claims are best characterized as personal-injury actions for limitations purposes. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985). In Colorado the residual statute of limitations for a personal-injury claim—and thus a § 1983 claim—is two years. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993). Federal law governs accrual though, and a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) (internal quotation marks omitted). Here, that date was no later than September 16, 2014.

5

Chrisco concedes he filed his complaint more than two years after that date but invokes the equitable-tolling doctrine to excuse his delay. Under Colorado law, equitable tolling of a statute of limitations is appropriate "when flexibility is required to accomplish the goals of justice," such as when a plaintiff does not timely file his claims "because of extraordinary circumstances or because defendants' wrongful conduct prevented [him] from doing so." *Morrison v. Goff*, 91 P.3d 1050, 1053 (Colo. 2004) (internal quotation marks omitted). Even though the statute of limitations is an affirmative defense, Chrisco bears "the burden of establishing a factual basis for tolling" because it is clear from the dates given in the complaint that "the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

Chrisco's arguments on appeal echo his arguments before the district court, and they are no more persuasive now. He continues to insist he could not file this action on time because defendants' misconduct impeded him from doing so. But we agree with the district court that Chrisco's extensive litigation history fatally undercuts this argument. The record shows Chrisco managed to file at least five federal lawsuits, as well as dozens of grievances and several state-court matters, during the two-year limitations period. Equitable tolling is not appropriate under these circumstances.

Turning to the second appeal, No. 17-1196, we agree with the district court's analysis here too. Chrisco states that he "chose to 'sit tight' and appeal any dismissal" rather than file an amended complaint because "he remained under the

6

impression his complaint was sound." No. 17-1196, Aplt. Opening Br. at 2. But the magistrate judge outlined the deficiencies in Chrisco's complaint and explained what he needed to do to fix them. Having disregarded an explicit warning that his case would be dismissed if he did not file an amended complaint, Chrisco has no recourse now.

## Conclusion

We dismiss these appeals as frivolous.

We deny Chrisco's motion for leave to proceed without prepayment of fees in both appeals because he has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Therefore, he must pay the balance of the appellate filing fees immediately. And, because we dismiss Chrisco's appeals as frivolous, the dismissals will count as two strikes under 28 U.S.C. § 1915(g). *See Jennings v. Natrona Cty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780-81 (10th Cir. 1999), *overruled on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015).

Chrisco's renewed motion to supplement the record in Appeal No. 17-1196 with exhibits to a complaint filed in an unrelated lawsuit in the District of Colorado (Case No. 1:15-cv-00475-LTB) is also denied.

Entered for the Court


Harris L Hartz
Circuit Judge

7