**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 26, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

KEITH LEONARD LAMEBULL,

    Plaintiff - Appellant,

v.

CITY AND COUNTY OF DENVER;
DENVER SHERIFF HEALTH
SERVICES; DENVER HEALTH;
MICHAEL MARTINEZ; PETER CRUM;
A. BRUEGGLER; SYNTHIA BEAN;
PAULINE MCGANN; CARMEN
KASSALTY; EMILY DRANGINIS;
CAROL ROGERS,

    Defendants - Appellees.

No. 22-1009
(D.C. No. 1:21-CV-02711-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Keith Leonard Lamebull, proceeding pro se,[1] appeals the district court's order dismissing his amended complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Lamebull asserts nine claims under 42 U.S.C. § 1983 against several individuals and entities for the conditions of his prior confinement at Denver County Jail.[2] Three claims are for deliberate indifference to his medical needs during pretrial detention, including one Defendant's alleged failure to order him an MRI. Four claims concern allegedly improper medical fees that he was charged while detained. One claim concerns allegedly improper medical care that he received while the Denver Police Department conducted "a psy op known as Gang Stalking or Counterintelligence Stalking" against him. ROA at 66. And finally, one claim concerns the denial of his request for hearing aids.

After screening his complaint under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the magistrate judge recommended that it be dismissed as frivolous and as untimely under the applicable two-year statute of limitations. Over Lamebull's objections, the district court adopted the recommendation and dismissed the amended complaint. Lamebull now appeals.

---

[1] Because Lamebull is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[2] Lamebull was confined at Denver County Jail but is now in the custody of the Colorado Department of Corrections.

**DISCUSSION**

## I.    Statute of Limitations

The magistrate judge concluded, and the district court agreed, that Lamebull's claims accrued no later than June 2019, when his pretrial detention ended. Consequently, Colorado's two-year statute of limitations lapsed no later than June 2021. Because Lamebull didn't file his complaint until October 2021—roughly four months later—his complaint was deemed untimely.

Lamebull argues that the district court erred in finding that his claims accrued no later than June 2019. He says that his claims didn't accrue until April 29, 2021, when he received MRI results showing that he had a brain injury. Lamebull reasons that even if the court disagrees and finds that his complaint was filed a few months late, that delay shouldn't be fatal given the challenges of preparing his complaint during COVID-19.

We review de novo a dismissal of a complaint on statute-of-limitations grounds. *See Fulghum v. Embarq Corp.*, 785 F.3d 395, 413 (10th Cir. 2015) ("This court applies a de novo standard of review to questions involving the applicability of a statute of limitations.").

Although state law provides the statute of limitations for § 1983 claims, federal law governs accrual. *Chrisco v. Holubek*, 711 F. App'x 885, 888 (10th Cir. 2017). A § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis for the action." *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005) (citation omitted).

3

We agree with the district court that by June 2019—when he left Denver County Jail— Lamebull knew or had reason to know of the injuries that gave rise to his § 1983 claims. In almost every count, he alleges that he filed grievances over the same conduct underlying his present claims. *See, e.g.*, ROA at 61 (alleging in Claim One that "I continued to suffer [health problems] and wrote numerous grievances on this issue between 02/27/17–05/27/18 and 04/07/19–05/09/19"); *see also id.* at 62 (alleging in Claim Two that a Defendant's "response to my grievance [regarding his medical issues] was not reasonable"); *id.* (alleging in Claim Three that "[o]n 05/08/18 . . . I filed [a] grievance" regarding cerebral issues); *id.* at 64 (alleging in Claim Four that he filed two grievances in May 2017 and one in April 2019 for improper billing practices). Though Lamebull didn't receive his MRI results until April 2021, "it is not necessary that a [plaintiff] know all of the evidence ultimately relied on for the cause of action to accrue." *Price*, 420 F.3d at 1162 (citation omitted).

For claims in which Lamebull doesn't mention filing grievances, we can still see that Lamebull knew of the relevant facts more than two years before he filed his complaint. In Claim Six, for example, Lamebull complains that he was denied hearing aids on August 1, 2018, and thus had difficulty hearing when he was in court. On that day, then, Lamebull knew the facts that supported Claim Six.

Nor has Lamebull convinced us that the limitations period should be tolled. Equitable tolling is appropriate when, due to extraordinary circumstances or a defendant's wrongful conduct, the plaintiff couldn't file his claims on time. *Damian*

4

*v. Mountain Parks Elec., Inc.*, 310 P.3d 242, 245 (Colo. App. 2012).[3] When arguing that extraordinary circumstances exist, the plaintiff must also show that he diligently pursued his claims. *See Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996) (en banc). Lamebull notes that in April 2020, he requested caselaw from his jail's staff but was denied it due to COVID-related restrictions. While we are sympathetic to the challenges caused by COVID-19, we agree with the district court that this lone request does not warrant equitable tolling.

In sum, we agree with the district court that Lamebull's complaint was untimely.

## II.     Frivolousness

Lamebull argues that the district court erred in dismissing his claims without reviewing their merits and before ordering discovery. He says that discovery would have revealed the truth of the allegations in his amended complaint.

We haven't definitively announced whether the dismissal of a complaint under § 1915A for frivolousness is reviewed de novo or for abuse of discretion. *Glaser v. City and Cnty. of Denver*, 755 F. App'x 852, 853 n.2 (10th Cir. 2019). But we review de novo here because, even under this more generous standard, Lamebull's appeal fails.

---

[3] We cite Colorado law because "[s]tate law ordinarily governs the application of equitable tolling in a federal civil-rights action." *Harrison v. United States*, 438 F. App'x 665, 668 (10th Cir. 2011).

"The clear import of the Prison Litigation Reform Act ["PLRA"] . . . is to curtail meritless prisoner litigation." *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) (emphasis removed). Consistent with that goal, a district court must review a prisoner's complaint "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). If the court determines that the complaint is frivolous, it must dismiss that complaint. 28 U.S.C. § 1915A(b)(1). The court need not permit discovery before doing so. *See Vincent v. Utah Plastic Surgery Soc'y*, 621 F. App'x 546, 550 n.7 (10th Cir. 2015) (explaining that a plaintiff "cannot file an inadequate complaint and then use the discovery process to develop a factual basis for [his] claims"). By arguing that the district court should not have dismissed his complaint until after discovery, Lamebull takes a position that's contrary to one of the PLRA's main goals: quickly filtering out meritless prisoner complaints. *Green*, 90 F.3d at 418. His position is thus unpersuasive.

And we agree with the district court that Lamebull's complaint is frivolous under 28 U.S.C. § 1915A(b)(1). A complaint is frivolous if it lacks an arguable basis in either law or fact. *Blakely v. USAA Cas. Ins. Co.*, 633 F.3d 944, 949-50 (10th Cir. 2011). In a detailed and well-reasoned recommendation that the district court accepted, the magistrate judge explained why each of Lamebull's claims against the various Defendants was frivolous. In his appeal brief, Lamebull doesn't argue that the analysis was incorrect.

**CONCLUSION**

The district court's judgment is affirmed.

Entered for the Court


Gregory A. Phillips
Circuit Judge